Eli Metcoff, Successor Trustee, Appellant, v. Charles
    A. Phelps et al. Charles A. Phelps and Sara G.
    Phelps, Appellees.

Gen. No. 39,124.

MATCHETT, P. J., dissenting.

Opinion filed January 4, 1937. Rehearing denied January 18,
1937.

SHULMAN, SHULMAN & ABRAMS, of Chicago, for ap-
pellant; MEYER ABRAMS, of counsel.

GEORGE E. FITZGERALD, of Chicago, for appellees;
CHARLES A. PHELPS, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Eli Metcoff, as successor trustee in a trust deed, filed a complaint in equity against Charles A. Phelps, Sara G. Phelps, his wife, and others, to foreclose the indebtedness secured by the trust deed on certain premises in Chicago. Charles A. Phelps and Sara G. Phelps, who will be referred to as defendants, filed their verified answer in which they set up certain facts which challenged plaintiff's right to bring the suit on the ground that a decree entered by the circuit court of Cook county, purporting to appoint Metcoff successor trustee, was void as to them. After the filing of the answer defendants moved that the complaint be dismissed, basing their motion on the facts set up in their verified answer. The court sustained the motion, dismissed the suit, and plaintiff appeals.

Defendants in their answer admitted the execution of the trust deed; that it was given to secure an indebtedness of $47,500 and that the Reliance Bank and Trust Company was named trustee, that the bank was afterward closed and a receiver appointed to liquidate its affairs; that on May 11, 1934, the receiver of the bank resigned as trustee, but did not notify defendants of this fact until June 7, 1934; that four days thereafter Della Barker, who owned one of the bonds involved in the instant case, and three others who owned bonds secured by three other trust deeds covering three separate pieces of property in which the Reliance Bank was trustee, filed their complaint in the circuit court of Cook county to appoint successor trustees in lieu of the Reliance Bank and Trust Company, which resigned, making as defendants Charles A. Phelps, defendant in the instant case, Patrick J. Newton, Mary Newton, his wife, Mary Sogat, and William L. O'Connell as receiver of another State bank, and caused summons to be issued by the clerk of the circuit court

against such defendants. The summons showed the sheriff served Newton, his wife, and O'Connell, the receiver, and returned the summons "not found" as to the other defendants, which included Charles A. Phelps.

The answer further set up, by way of an exhibit, that on June 18, 1934, the circuit court entered an order in the Della Barker case, in which it is stated that on motion of plaintiffs in that case for the entry of an order fixing the time, manner and form of notice to be served, and on whom such notice was to be served in connection with the appointment of the successor trustees, and ordered that a notice, which is made a part of the order, be given "to all parties who were made defendants to the complaint by publishing" in a daily newspaper, and the parties were given 20 days from the date of the publication to file their appearance or answer. The order further provided that after such publication and the passage of 20 days, the matter might be taken up by the circuit court upon notice served on all parties "by mail" at least 24 hours before "it was to be presented to the court"; and that the appointment of the successor trustees, after the publication of the notice, be made "upon notice duly served on all parties who will then have filed their appearance." It further appears from the answer and exhibits made a part of it that the notice provided by the order of the circuit court was afterward published in "The Chicago Recorder" on one day, and the answer also shows that counsel for the bondholders' committee was served with notice by counsel for plaintiff in the circuit court that they would call the matter up before that court for entry of a decree. On July 25, 1934, a decree was entered appointing plaintiff, Eli Metcoff, as successor trustee as to the trust deed here sought to be foreclosed, but whether he was appointed

so far as the other three trust deeds were involved in that case, does not appear.

The complaint, summons, and the sheriff's return thereon, the order and the decree of the proceedings in the circuit court of Cook county are attached to and made a part of defendants' answer. The answer further set up that plaintiff, Metcoff, was the agent of Della Barker, plaintiff in the circuit court suit, and had, before bringing that suit, collected from Charles A. Phelps, defendant in the instant case, interest on her bond; that Metcoff had requested Phelps in case he, Metcoff, should secure the resignation of the Reliance Bank and Trust Company as trustee, to appoint Metcoff as successor trustee, which request Phelps refused.

It further appears from the record that defendant Charles A. Phelps was for about 35 years a practicing lawyer in Chicago with an office located in the Loop, and that he could easily have been served by the sheriff with the summons in the circuit court proceeding had the sheriff been requested to do so. It further appears that Phelps had no notice or knowledge of the circuit court case until after the decree was entered by that court and until after the instant foreclosure suit was brought. No reason is given, nor is any suggested by plaintiff, as to why Phelps was not served by the sheriff in the circuit court case, nor as to why the notice of publication was not mailed to him, as the order of the circuit court required.

But counsel for plaintiff say in their brief that the proceeding in the circuit court, whereby plaintiff was appointed successor trustee, was authorized by the terms of the trust deed and was regular in every way; that the trust deed provided that in case of a vacancy in the trusteeship, "then the holder or holders of any of said bonds may apply to the Circuit court of Cook county for the appointment of a new Trustee or Trustees upon such notice as such court shall prescribe to be

given in such manner or upon or to such party or parties, person or persons as such court shall direct.''

We think, as counsel for plaintiff contend, that the grantor in his trust deed may authorize the court to appoint a successor trustee upon such terms and notice as he sees fit. *Morrison v. Kelly,* 22 Ill. 610. We are also of opinion that the contention of defendants that such a provision is contrary to law and void, and that plaintiff in the circuit court suit was required to follow the provisions of the Civil Practice Act, is without merit.

But we are further of opinion that where a provision in a trust deed authorizes the appointment of a successor trustee in case of a vacancy by a proceeding in court, such a proceeding must not merely be one of form, but one of substance; that notice of such a proceeding should be of such a character as would, at least, probably bring to the attention of those most interested, what was sought. In the instant case it is obvious that one of the persons most vitally interested, viz., Charles A. Phelps, was not notified of the circuit court proceeding, although a summons was issued against him, and although he was practicing his profession in an office located in the Loop, while other defendants in that case, who apparently were not so much interested, were served by the sheriff. Moreover, the order of the circuit court required the notice that was to be published in that case be sent ''by mail'' to the defendants, and there is no suggestion that the notice was mailed, but on the contrary defendant Charles A. Phelps swears in his answer that he had no knowledge or notice of that proceeding until some time after the decree was entered.

In their brief counsel for plaintiff refer to a case cited in defendants' brief, saying that in that case the trust was an active one, while in the instant case the trust was a naked trust.

The powers given and the duties imposed on the trustee or his successor in the trust deed here sought to be foreclosed, did not involve a naked trust because the trustee had many active duties to perform. In case of default, on his request all leases were to be delivered to him; his consent was required in case of any improvements sought to be made; he was required to approve the insurance companies insuring the property, and in case of loss the money was to be paid to him; in case of default the trustee had the right to enter and take possession of the premises, collect rents, manage the property, etc., and perform under certain conditions many other active duties. In these circumstances it is obvious that Phelps would be vitally interested in the character of the person appointed successor trustee; no service having been had on him, it is elemental that as to Phelps the decree of the circuit court is void and of no force and effect.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

McSurely, J., concurs.

Matchett, P. J., dissenting: The decree of the circuit court was not void although possibly voidable. The proper practice would have been for defendants to appear in the circuit court and move to set the decree aside. A collateral attack should not have been permitted.